BYINGTON, Appellant, v. ST. LOUIS RAILROAD COMPANY.

#### Division One, February 15, 1899.

1. **Municipal Ordinance:** BASIS OF CIVIL LIABILITY. The city of St. Louis has no power to prescribe by ordinance a rule of conduct that will afford the basis of a civil liability from one citizen to another. While it has authority under its delegated police power, to adopt police regulations and to punish their infraction by fine and imprisonment, yet such regulations can not confer a civil right of action upon one person against another. Before plaintiff can make the infraction of a municipal ordinance the basis of his action against a street railway for damages for personal injuries, he must bring the defendant within the rule laid down in Fath v. Railroad, 105 Mo. 537; Senn v. Railroad, 108 Mo. 152; and Sanders v. Railway, 147 Mo. 411.

2. **Practice:** COMMINGLING GOOD AND BAD CAUSES OF ACTION: VERDICT ON EITHER THEORY: NEW TRIAL. Where allegations stating no cause of action are combined with those stating a defective cause, and the jury are told that plaintiff is entitled to recover on either feature of the case, and it is impossible to determine whether the verdict rests on an illegal foundation or upon that which but for this false issue would be a good cause of action, the trial court should set aside the verdict and grant a new trial.

*Appeal from St. Louis City Circuit Court.*—HON. PEMBROOK R. FLITCRAFT, Judge.

AFFIRMED.

JOHN J. O'CONNOR for appellant.

(1) This court upon an appeal from a judgment granting a new trial, will only consider the correctness of the grounds specified in writing by the trial judge for sustaining the motion for a new trial. If they are unsound this court will reverse and direct the trial court to enter up judgment on the verdict. Herdler v. Buck's Stove and Range Co., 136

VOL. 147 mo—43

Mo. 8; Miller v. Madison Car Co., 130 Mo. 517; Candee v. Railroad, 130 Mo. 142; Bradley v. Reppell, 133 Mo. 545. (2) This action is not based upon the city ordinance, set out in the petition in the sense that the right of action flows from the ordinance as held by the trial court, but upon the common law. Such ordinance alone can give no right of action, but as the ordinance regulated the stopping and starting of defendant's car to let on and off passengers, the violation of such ordinance as shown by the evidence, was negligence *per se* on defendant's part. Hanlon v. Railroad, 104 Mo. 381; Gratiot v. Railroad, 116 Mo. 450; Gass v. Railroad, 57 Mo. App. 574; Windsor v. Railroad, 45 Mo. App. 123; Skinner v. Stifle, 55 Mo. App. 9; Sandifer v. Lynn, 52 Mo. App. 553. And the negligence involved in the violation of the ordinance, having led to plaintiff's injuries under circumstances which give her a right of action at the common law, it was proper to plead and read in evidence the ordinance to show defendant's guilt of negligence in starting the car before plaintiff could by the exercise of ordinary care alight safely. Senn v. Railroad, 135 Mo. 517; Myers v. Kansas City, 108 Mo. 480; O'Neil v. Young, 58 Mo. App. 630.

SMITH P. GALT for respondent.

The suit is bottomed on the ordinance. Appellant, in her brief, says that her right of action is not based upon the city ordinance, because she could recover under the common law. It matters not one particle, whether she could recover under the common law or not, if she had thought proper to limit her right to recover to the principles of the common law applicable to the relation of carrier and passenger. She saw fit to eschew or waive her rights under the common law, and sought to make a stronger case by basing her right of recovery upon the city ordinance, which she pleads in full in her petition and then alleges that, "plaintiff says that her injuries are due to and were caused by the negligence of defendant in

Byington v. St. Louis R. R. Co.

violating said ordinance," etc., and appellant's instruction number one is bottomed for recovery upon said ordinance. Even if the court did not err in the admitting of the ordinance in evidence over plaintiff's objection, and exception saved, said ordinance gave the plaintiff no right of recovery at all, and plaintiff's instruction number one was error, which permitted plaintiff to recover under said ordinance, as there was no proof thereof whatever that said ordinance had ever been accepted by the defendant. Sanders v. Railroad, *ante,* page 411. And for the same reason there was no cause of action stated in the petition, no facts stated, which showed any liability on the part of defendant, and of course respondent's instruction number 1 was erroneous.

MARSHALL, J.—Appeal from an order granting defendant a new trial.

The petition alleges that on the 1st of September, 1893, there was in force, "and binding on the defendant herein," in the city of St. Louis, an ordinance numbered 16,578, regulating the running of street cars, which provided, *inter alia,* as follows: "It shall be the duty of every driver, motorman, gripman or other servant running any car to bring his car to a full stop, whenever requested, signaled or motioned by any person standing on such appropriate corner desiring to board such car, or whenever so requested, signaled or ordered by the conductor or any passenger on such cars desiring to leave such cars. And in every instance such cars shall remain stationary for a sufficient length of time to enable such passenger to board or leave such cars." That on said day plaintiff was a passenger on one of defendant's train of cable cars, on Broadway, and when the train neared Morgan street she "signaled said conductor to stop the car and let her alight, that said car was stopped at the north side of said Morgan street, that while the said car was standing still plaintiff attempted to alight, and while in the act of alighting defendant negligently caused said car to be put in motion whereby plaintiff was thrown to the

stone paving of the street," and was seriously injured. "Plaintiff says that her injuries are due to and were caused by the negligence of defendant in violating said ordinance in failing to keep said cars remaining stationary for a sufficient length of time to enable her to safely leave said car, and in negligently permitting said car to be put in motion while she was in the act of leaving said car and before she could by the exercise of ordinary care alight therefrom safely." The answer was a general denial and a plea of contributory negligence, which the reply denied.

On the trial plaintiff introduced evidence in support of the allegations in her petition, and then offered, and the court admitted, over the objection and exception of defendant, the ordinance regulation quoted.

At the instance of the plaintiff the court instructed the jury as follows: "The court instructs the jury that the ordinance of the city of St. Louis read in evidence was in force and binding on defendant and its servants at the time plaintiff received her said injuries, and if they find from the evidence that plaintiff was a passenger on defendant's said car in question, and that she signaled the conductor of said car to stop the car and let her alight, by shaking her hand at him, as the car approached Morgan street, and that he saw her signal and caused the car to stop at the north side of Morgan street, and that while said car was so stopped and standing still, she attempted to alight from said car, and that while in the act of alighting from said car and before she could alight safely by the exercise of ordinary care on her part, and without keeping said car at a stop a sufficient length of time to enable her to alight safely, defendant's servants who were operating said car caused the same to be put in motion, and that such putting in motion of said car caused plaintiff to fall and sustain the injuries to her person complained of and that at the time of falling she was using ordinary care to avoid falling, then defendant would be liable in this action and their verdict must be for the plaintiff."

The court also at the request of the plaintiff instructed the jury as to the common law liability of the defendant, and refused to instruct the jury, as the defendant asked, that the defendant was not liable under the pleadings and evidence.

The jury gave the plaintiff a verdict for $6,000, and in due time the defendant filed its motion for a new trial, which the court, afterwards, sustained, assigning the following reasons: "1st. Because it appears that the action is based upon the ordinance set out in the petition and the evidence fails to show that the injury complained of is the direct result of a violation of said ordinance. 2d. The court erred, in the state of the evidence offered, in admitting said ordinance in evidence. 3d. The action being founded on the ordinance, the court erred in submitting the case to the jury upon the theory of a common law liability. 4th. Because the verdict is excessive." Plaintiff thereupon offered to remit two thousand dollars of the assessed damages, and asked that judgment be entered in her favor for four thousand dollars. The court refused so to do, and plaintiff appealed to this court, the damages claimed being ten thousand dollars, conferring jurisdiction on this court.

## I.

The claim set up by plaintiff in her petition in this case is composite, principally based upon a violation of the city ordinance, but resting partly upon a suggestion of common law liability. The parts are so interwoven that they are inseparable after verdict, for it can not be ascertained whether the jury found for the plaintiff because, as they were told by plaintiff's instruction quoted, the ordinance regulation was binding on the defendant and it had violated it, or because the defendant had failed to comply with its common law liability as a carrier of passengers. Both phases of liability were presented to the jury by the instructions given for the plaintiff. The ordinance regulations pleaded are averred in the

petition to be "binding on the defendant herein," and the
instruction quoted told the jury they were "binding on
defendant and its servants at the time plaintiff received her
said injuries." It is not stated in the petition nor proved by
any evidence in the case that the defendant ever agreed to be
bound by those ordinance regulations, and hence the defend-
ant is not brought within the rule laid down by this court in
Fath v. Railway, 105 Mo. 537. On the contrary it was
plainly assumed by the pleader that the mere passage of such
an ordinance by the Municipal Assembly of the city of St.
Louis, was sufficient basis upon which to rest a liability of the
defendant to the plaintiff, without volition or constraint upon
the part of the defendant, and that this is true is demonstrated
by the frame and fibre and language of the quoted instruction.

That such conception of the law is not well founded, this
court recently had occasion to point out in the case of Sanders
v. Southern Electric Railway Co., *ante,* page 411, approv-
ing in so doing, the principles of law theretofore enunciated
in Fath v. Railway, 105 Mo. 537, and in Senn v. Railway,
108 Mo. l. c. 152.

This, however, is not for the reason stated by the circuit
court in granting the new trial, "that the injury complained
of is the direct result of a violation of said ordinance," but
because of the fact that the city of St. Louis has no power to
prescribe by ordinance a rule of conduct that will afford the
basis of a civil liability from one citizen to another, and be-
cause, while it has authority under its delegated police power,
to adopt police regulations and to punish their infraction by
fine and imprisonment, such regulations can not confer a civil
right of action upon one person against another.

It makes no difference, therefore, whether the injury is
a "direct result of a violation of" a municipal ordinance or
not, for such ordinance can neither be the corner stone of
liability nor evidence of common law negligence. These prin-
ciples of law are as old as the law itself, and have been pointed

out and enforced in this State and in other States on many occasions prior to the decision in Sanders case. [Norton v. St. Louis, 97 Mo. 537, and cases cited in Sanders v. Railway, *supra*.] Unless the defendant is brought within the rule laid down in the Fath and Senn and Sanders cases, a municipal ordinance can not be made the basis of liability, nor be admitted in evidence for any purpose whatever.

Eliminating the ordinance from the petition, there remains an imperfect statement of a good cause of action at common law, which would be good after verdict. But the combination of what creates no liability, with such a defective statement of a good cause of action, in one petition, and then instructing the jury that the plaintiff is entitled to recover upon proof of either feature leaves the case in such shape that it is impossible to distinguish whether the verdict rests upon that for which there is no legal foundation or upon that which would otherwise be a good cause of action, and the result is there is but one course open to the court, and that is, to set aside the verdict, and retry the case upon correct legal principles.

The circuit court acted properly in setting aside the verdict and in granting a new trial. The result reached by that court is right and its judgment is, therefore, affirmed. All concur.