WILLIAM F. LINS, JR., RESPONDENT, v. BOECKELER LUMBER COMPANY, A CORPORATION, APPELLANT.*

St. Louis Court of Appeals. Opinion filed November 8, 1927.

182

*Corpus Juris-Cyc. References: Courts, 15CJ, p. 1090, n. 47; Damages, 17CJ, p. 1091, n. 85; Highways, 29CJ, p. 663, n. 35 New: p. 668, n. 13; Trial, 38Cyc, p. 1666, n. 83 New; p. 1711, n. 19.

*Jourdan & English* and *A. B. Lansing* for appellant.

*Frederick A. Wendt* and *Arnim C. Beste* for respondent.

184

NIPPER, J.—This is an action for damages for personal injuries caused by a collision between an automobile driven by the plaintiff, and a mule owned by defendant. There were three grounds of negligence alleged in the petition, which are as follows:

1. That the defendant negligently permitted said mule to run at large in violation of section 13860, Revised Statutes 1919.

2. That defendant negligently suffered and permitted said mule to run at large in violation of section 4275, Revised Statutes 1919.

3. That defendant negligently and carelessly caused, suffered and permitted the said mule to run at large, unrestrained and unattended, when defendant knew, or, by the exercise of ordinary care could have known, that said mule would go upon said highway.

The answer of defendant contained a general denial and also raised the question of the constitutionality of the Statutes referred to and relied upon in the petition. The answer also contained by way of counterclaim, an allegation to the effect that the plaintiff negligently and carelessly operated his automobile on said occasion, and that as a result of his negligence, the mule of defendant had been killed, and defendant asked judgment against plaintiff in the sum of $250.

The testimony showed that at about one o'clock in the morning on October 2, 1924, plaintiff was driving westwardly on the St. Charles Rock road at about eighteen or twenty miles an hour. When he reached a railroad crossing he slowed down to about twelve or fifteen miles an hour; that when he had crossed a bridge and was about one hundred and fifty to two hundred feet beyond the same, this mule appeared directly in the road in front of him, and there was a collision causing plaintiff's injury. Plaintiff was driving on the right-hand side of the road at the time the collision occurred.

When the case was submitted to the jury plaintiff abandoned all the assignments of negligence in the petition except No. 3, which relied for recovery upon defendant's violation of its common-law duty. Therefore, though constitutional questions were originally raised and properly preserved, plaintiff having abandoned the first two assignments of negligence in the petition, and the case having gone to the jury solely upon the defendant's violation of its common-law duty, no constitutional question remains in the case, and hence, jurisdiction is properly lodged in this court.

The record discloses that the injuries received by plaintiff consisted of discoloration and swelling of the left chest, with pronounced tenderness in this region; that the symptoms were those of broken ribs, although the doctor giving such evidence testified that he did not have an X-ray examination made of plaintiff; that plaintiff complained of pain in the left chest up to the time of the trial; that there was a traumatic pleurisy; that traumatic pleurisy is caused by the tearing of the lining or something inside or about the ribs; that there was discoloration and contusions on the left side of the thigh and the left ankle; that this ankle was swollen and sprained. There were some injuries on the head of a minor character, but the most severe injuries were to the left chest and the back, as well as to the nervous system. The medical testimony further discloses that narcotics had been perscribed for plaintiff in order that he might sleep

at night. The doctor testified that in his opinion plaintiff had sustained permanent injuries; that he has exaggerated reflexes; that he is under weight, and suffers pain and distress from deep breathing or coughing; that the traumatic pleurisy conditions are parmanent.

It appears that the mule in question had been worked the day before the accident. The man who drove this mule or worked it the day before, testified that he "turned in" early in the evening, took off the harness, and started to turn the mule into a stall when it suddenly wheeled and run out around behind the barn. It was dark, and though he made a thorough search for the mule he was unable to find it.

Demurrers to the evidence were filed at the close of plaintiff's case, and again at the close of the whole case. These were refused. The case was submitted to the jury upon the following instruction requested by plaintiff:

"The court instructs the jury that if you find and believe from the evidence that on the second day of October, 1924, plaintiff was driving his automobile westwardly along Easton avenue, an open and public road, if you so find, and then if you further find that while the plaintiff and the said automobile were at or near 6900 on said Easton avenue, the said machine collided with a mule which then and there came suddenly upon said highway, and that plaintiff's automobile collided with the said mule, and that as a direct result of said collision, if any, plaintiff's automobile was damaged and plaintiff sustained injuries, if any; then, if you further find that the defendant negligently suffered and permitted the said mule to run at large, and that the defendant knew, or by the exercise of ordinary care would have known, that the said mule would go upon the said public highway as aforesaid (if you so find), and that the said mule was likely to be run into and collided with by a vehicle, and cause injury and damage to vehicles and persons (if you so find), and that in so doing the defendant was nigligent, and that as a direct and proximate result of such negligence (if you find there was such negligence), the said mule came upon the said highway as aforesaid and the collision was caused thereby, then your verdict should be for the plaintiff, provided that you further find that at the said time of said collision, if any, plaintiff was not guilty of contributory negligence but was exercising the highest degree of care for his own safety and that of said automobile."

The jury rendered a verdict in favor of plaintiff and against defendant in the sum of $5000, and also found in favor of plaintiff on defendant's counterclaim.

There are a number of assignments of error which we will notice. The principal one, however, urged at great length by defendant, who is appellant here, is that there is no duty upon the owner of a

domestic animal to restrain it from ranging on the public highway, and the owner of such animal is not liable in damages to one injured, except to the owner of soil upon which the animal may trespass, or for injuries due to previously exhibited vicious propensities. The plaintiff insists, however, that it is negligence for one to suffer and permit a mule to run at large upon the public highways, and the owner of such an animal is liable for any injury occasioned by such negligence.

Assuming for the purpose of this case that there was no statute in force at the place where this mule was running at large requiring domestic animals to be kept in enclosures, and, assuming further that ordinarily there would be no liability on the part of defendant, this rule as well as many others, has its limitations. If it could be said, as a matter of law, under the facts of this case, that no injurious consequences could reasonably have been contemplated or expected as a result of defendant's action in permitting this mule to run at large at the place and under the circumstances it was on this occasion, then defendant would not be liable. On the other hand, if defendant by the exercise of reasonable care might have foreseen that some injury would result from its act in permitting the mule to run at large at the time and place in question, then such act would be negligence, and it would be liable for the injurious consequences of its negligent act. [Ramsey v. Martin, 45 Pa. Super. 645; Becker v. Schutte, 85 Mo. App. 57; Groom v. Kavanagh, 97 Mo. App. 362, 71 S. W. 362; Hill v. Scott, 38 Mo. App. 370.]

The evidence in this case discloses that this accident occurred near the city limits of the city of St. Louis, and on Easton avenue which is called the St. Charles Rock road after it enters St. Louis county. The evidence also discloses that the defendant's place of business was located alongside of and near this much traveled public road or street. It was constantly in use by people driving automobiles. It was reasonable to anticipate that a mule left to roam at will at a point so near a much traveled public highway would be liable to stray upon the road and cause just such an accident as was caused in this case. At least, we are of the opinion that it was a question for the jury to pass upon, and there was sufficient evidence of negligence on the part of defendant to make this a question to be determined by the jury, and the court did not err in refusing to declare, as a matter of law, that defendant was guilty of no negligence.

The defendant objected to the form of the instruction given on behalf of plaintiff, above set out, and insists that such was error because it assumed certain facts, and especially assumes the fact that the mule came suddenly upon the highway, without allowing the jury to find whether or not such was a fact. However, we think the instruction taken as a whole is not misleading, and fairly pre-

sents the issue. It will be noted further, that it is not a disputed question of fact as to the mule coming suddenly upon the highway. The instruction could have been more explicit, but we do not think the jury was in any way misled by this instruction. Objections are made to the refusal of the court to give certain instructions for the defendant, but instructions were given fully covering the case.

It is also insisted that the verdict is excessive. We have referred to plaintiff's injuries above, and, in addition to the injuries to him personally, his automobile was damaged to the extent of about $600, and he was out about $150 for doctor bills. Having suffered permanent injuries, we do not think we would be warranted, under the facts of this case, in disturbing the verdict and judgment of the lower court on the ground that the verdict is excessive. Finding no reversible error in the record, the judgment is affirmed. *Daues, P. J.*, and *Becker, J.*, concur.