**Cindy GUSTKE, Plaintiff–Appellant,**

v.

**Tom REDD, Defendant–Respondent.**

**No. 18363.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 11, 1993.

Jerry M. Kirksey, Douglas, Lynch, Munton & Haun, Bolivar, for plaintiff-appellant.

Paul F. Sherman, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, for defendant-respondent.

FLANIGAN, Judge.

Plaintiff Cindy Gustke brought this action against defendant Tom Redd for property damage allegedly sustained by plaintiff by reason of an incident which occurred on November 28, 1990, on Highway FF in Polk County, when a vehicle driven by plaintiff struck "an approximately 800 pound black heifer that ran onto the roadway." The petition alleged that defendant was the owner of the heifer, that defendant was negligent in certain particulars, and that as a direct result of defendant's negligence plaintiff sustained damage to her vehicle.

Defendant filed a motion for summary judgment, Rule 74.04,[1] which the trial court sustained. Plaintiff appeals.

"On review of defendants' motion for summary judgment, this Court must view the record in the light most favorable to the plaintiffs, according to plaintiffs all reasonable inferences which may be drawn from the evidence. Summary judgment is inappropriate unless the de-

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1986, V.A.M.S.

fendants have shown by unassailable proof that they are entitled to judgment as a matter of law. The burden is on the defendants to demonstrate that there are no genuine issues of material fact. A genuine issue of fact exists when there is the slightest doubt about a fact."
*Madden v. C & K Barbecue Carryout, Inc.,* 758 S.W.2d 59, 61 (Mo. banc 1988).

A motion for summary judgment "shall state with particularity the grounds therefor." Rule 74.04(c). The instant motion stated the following grounds:

"No. 1: With respect to Stock Law, the evidence establishes conclusively that Polk County never adopted Section 270.010 R.S.Mo.

No. 2: With respect to ownership or possession, the evidence establishes Mr. Redd neither owned nor possessed a black angus heifer in Polk County on November 28, 1990."

The original petition described the animal as an "800 pound black angus heifer," and alleged that it was running at large in violation of § 270.010. About three weeks prior to the hearing on the motion, plaintiff, with leave of court, filed an amended petition. The amended petition made no mention of § 270.010, and it described the animal as an "800 pound black heifer."

Defendant filed a motion to dismiss on the ground that the amended petition failed to state a claim upon which relief can be granted. That motion remains pending in the trial court and has not been ruled. In this court, defendant has not challenged the sufficiency of the amended petition to state a claim upon which relief can be granted, although such a challenge is permissible. Rule 55.27(g)(2).

Even if Polk County has not adopted § 270.010, a matter on which this court expresses no opinion, there is authority that defendant might be liable on grounds of common law negligence. *Lins v. Boeckeler Lumber Co.,* 221 Mo.App. 181, 299 S.W. 150, 151–152[1–3] (Mo.App.1927). See also *Anderson v. Glascock,* 271 S.W.2d 243, 246 (Mo.App.1954); 29 ALR 4th 431, § 3(a) [Liability of owner of animal for damage to vehicle or motorist resulting from collision with domestic animal at large in highway]; Calvert, "Fencing Laws in Missouri—Restraining Animals." 32 Mo.L.Rev., 519, 523 (1967).

Defendant's affidavit, submitted in support of his motion for summary judgment, reads, in part: "On or about November 28, 1990, I neither owned nor possessed a black angus heifer." The affidavit is silent on whether defendant owned any black heifers which were not black angus heifers. The affidavit contains no statement that the defendant did not own or possess the specific animal in question.

Neither ground stated in the motion for summary judgment supports the trial court's ruling. Defendant failed to demonstrate that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.

The judgment is reversed and the cause remanded.

PREWITT and GARRISON, JJ., concur.