## O. K. ROBINSON v. OSCAR MHOON.

1. CIRCUIT COURT.  *Power over inferior courts.*
    The circuit court under its inherent power as an appellate tribunal should
    in proper cases enforce obedience to legal requirements on the part of in-
    ferior courts.

2. JUSTICE OF THE PEACE.  *Refusal to approve appeal bond.  Remedy.*
    If a justice of the peace improperly refuses to approve a timely and solvent
    appeal bond, the circuit court may award certiorari requiring him to
    produce the papers in the cause, and may enforce obedience.  On return
    of the writ, if satisfied that the bond ought to have been approved, the
    circuit court should approve it and proceed to try the cause *de novo*.

FROM the circuit court of Tunica county.

HON. R. W. WILLIAMSON, Judge.

Appellant was plaintiff in a suit in the justice court, and, desiring
to appeal from an adverse judgment, tendered to the justice of the
peace, within five days, an appeal bond signed by himself and two
sureties.  The justice took the bond, saying he would examine it
and if found correct would approve it.  He declined to approve it,
and entered a minute on his docket that he refused it because in-
sufficient.  After the expiration of the five days the justice, for the
first time, told plaintiff's agent of his disapproval of the bond, at
the same time saying it was satisfactory to him but not to the de-
fendant's counsel.

Appellant thereupon filed his petition in the circuit court stating
the above facts, and that the sureties were solvent, and praying for
a writ of certiorari directed to the justice of the peace requiring him
to produce all the papers in the cause and for a supersedeas and
reversal of the judgment, and that the cause be tried anew on its
merits.

The writ was issued by the circuit court, but it does not appear
in the record that it was served upon the justice of the peace, or
that the record in the cause before him was produced in compliance
with it.

At the ensuing term of the circuit court appellant made a motion
to have his appeal bond approved and the cause docketed for trial,

and evidence was introduced establishing the allegations of the petition as above set out.

The motion was overruled and plaintiff appealed.

*Morgan & Buchanan,* for appellant.

If an opportunity to appeal has been lost by the neglect of an officer of the law, contrivance of the opposite party, or improper conduct of the inferior court, a certiorari will be granted without reference to the merits. *Collins* v. *Nall,* 3 Dev. 224; *McMurray* v. *Milan,* 2 Swan, 176; 3 Hay. 219; 4 Tenn. 69; 10 Yerg. 254.

No counsel for appellee.

Argued orally by *J. B. Morgan,* for appellant.

WOODS, J., delivered the opinion of the court.

In acting upon appellant's motion to approve his appeal bond, docket the cause and proceed to trial, we are of opinion that the court below should not have denied the same wholly, because in the then condition of the case, it was impossible to grant the entire prayer of the motion. With the petition for certiorari, and its very full exhibits before the court, if it was true (as appears from the record before us) that the magistrate had not been served with notice to produce the original papers and proceedings, the proper process should have been issued, and the cause delayed to await the return of that process. If, however, in fact, the summons for the magistrate, issued when the petition for certiorari was filed, had been executed upon that officer, he should have been compelled by due process to produce the desired papers and proceedings.

After the papers and records from the magistrate's court had been brought into court, we are of opinion that the circuit court should have proceeded to hear evidence touching the alleged misconduct of the magistrate, in taking and retaining the appeal bond, and in afterwards declining to approve the same, though the same was perfectly good, as is alleged, and, if satisfied of the solvency of the sureties on this bond, and of the truth of the facts averred as to his misconduct in dealing with it, should have approved the bond, and proceeded to hear the case on its merits, as on an appeal.

The misconduct of officials should not be permitted to defeat litigants of clear rights accorded them by law, and the circuit court, by virtue of its inherent powers as an appellate tribunal, in proper cases, should exercise its authority in restraining the inferior tribunal, and constraining it to yield obedience to lawful requirement.

*Reversed and remanded.*