85   165
d94   586

## JAMES W. REDUS *v.* ROBERT X. GAMBLE.

1. JUSTICES OF THE PEACE.   *Appeals.   Bond.   Code* 1892, § 82.

   Parties against whom judgments have been rendered by justices of the peace are not to be deprived of an appeal to the circuit court, under Code 1892, § 82, regulating the subject, by the ignorance or arbitrary action of the justice of the peace in demanding an appeal bond in a greater penalty than that authorized by the statute.

2. SAME.   *Code* 1892, § 84.   *Failure to send up record.   Power of the circuit court.*

   If a justice of the peace, from whose judgment an appeal has been taken, fail to send the record to the circuit court as required by Code 1892, § 84, prescribing his duties in such cases, the circuit court may issue the necessary writ to enforce performance of duty by the recusant justice of the peace.

3. SAME.   *Code* 1892, § 89.   *Certiorari.*

   Such a writ, although commonly called a *certiorari*, is not a *certiorari* within the meaning of Code 1892, § 89, providing that all cases decided by a justice of the peace may be removed to the circuit court by writ of *certiorari* upon the terms therein specified.

4. SAME.   *Bond not required.   Trial de novo.*

   Such a writ may be issued to enforce performance of duty by the recusant justice of the peace without the appellant giving any other than the appeal bond, and when performance of duty by the justice is enforced the trial will be *de novo.*

FROM the circuit court of Tate county.

HON. J. B. BOOTHE, Judge.

Redus, the appellant, was plaintiff in the court below; Gamble, the appellee, was defendant there.   From a judgment in the circuit court in defendant's favor the plaintiff appealed to the supreme court.

Redus made an affidavit against Gamble, and brought a civil action against him for damages at the same time, under § 1068,

Code 1892, for enticing away or knowingly employing his servant or laborer, one Dock Wilkins. He recovered a judgment in the civil case for $68.87, and Gamble was convicted and fined in the criminal case, both cases being tried in a justice of the peace's court. Gamble desired to appeal both cases to the circuit court, and the justice of the peace fixed the amount of the bond for both cases at $400, and gave Gamble a bond partly filled out, which Gamble had signed after the penalty of the bond had been changed to $250, and, on the fourth day after the judgment was rendered, carried it to the house of the justice of the peace and left it with the wife of that officer. The justice of the peace received it the morning of the fifth day after the judgment was rendered, but, because the penalty had been reduced, refused to approve it, and refused to transmit to the circuit court a certified copy of the proceedings in the case in his court. The appellee then filed a petition in the circuit court in the nature of a *certiorari* to compel the justice of the peace to send up the papers and bond. The court granted the petition. Redus made a motion in the circuit court to dismiss the petition because, as he set out in his motion, no bond had been given as required by law; the bond made and tendered in the civil case was insufficient; the old bond could not be filed and approved *nunc pro tunc;* and no bond had been tendered in the civil case. This motion was overruled. The case was docketed and heard *de novo,* and, after the evidence had been concluded, the court gave a peremptory instruction to find for defendant.

*J. F. Dean,* for appellant.

To obtain a writ of *certiorari* four things are essential and must concur: (1) The application must be made within six months after the case is decided. (2) Good cause must be shown by petition. (3) The petition must be supported by affidavit. (4) In all cases bond must be given as in cases of appeal from justices of the peace.

Now in this case no bond was given or required. If the bond could be dispensed with by the judge who granted the writ, then the time could be extended beyond the six months prescribed by the statute, and it has been held repeatedly that this was jurisdictional, and that neither appeals nor writs of *certiorari* can be issued after the expiration of the time allowed by law.

Good cause shown by petition could be waived and any verbal statement accepted. Oath need not be required, yet in *Moore* v. *Ernst,* 54 Miss., 642, the court held that the affidavit was necessary and the writ issued without the affidavit would be dismissed upon motion, but that appearance by the opposite party and entering the trial without an objection would be a waiver of the defect. The same statute which limits the time within which the writ may issue, and that requires the petition to be in writing supported by affidavit, also requires that bond be given. Can there be any reason why all the provisions of a statute should be mandatory except one? If there is any difference in this statute, it is in favor of the mandatory character of the requirement for bond rather than for the other provisions. It says: "In all cases giving bond," etc.

At common law the writ was discretionary, and the bond was not necessary, and was also discretionary with the judge issuing the writ. "But many states (Mississippi amongst the number) have statutes requiring bond to be given, and statutes requiring that bonds shall be given before the writ issues are mandatory, and unless the bond is given in compliance therewith the writ will be quashed," which is the equivalent of dismissed. 4 Ency. Pl. & Pr., 187.

But it may be answered that an appeal bond was given, as shown by exhibit with the petition. An appeal bond is not a *certiorari* bond, and in this case was only an exhibit and not a bond. Where a writ of error bond has been given instead of a *certiorari* bond, the writ will be dismissed. 4 Ency. Pl. & Pr., 243.

Besides, this is begging the question. Whether or not an appeal bond had been given was the very question in issue. The only way the court had of determining whether or not the appeal bond had been given was by writ of *certiorari.* The only way it could grant the writ was on petition showing good cause supported by affidavit after the party praying for the writ had entered into bond as required in appeals from justices of the peace.

Appellant does not pretend to say that the circuit court has not the power to declare the bond tendered to the justice good, sufficient, and valid where the proof shows it to be so. What he contends is that the circuit judge has no right to review the proceedings of the justice of the peace at all until the petitioner has filed his bond as required by the statute. Appellant does not take issue with *Robinson* v. *Mhoon,* 68 Miss., 712. The facts in that case and this are not the same, and there is nothing to show that the petitioner in that case did not give a bond for *certiorari.* It is presumed that he did, as that question was not raised.

*N. A. Taylor,* for appellee.

*Certiorari* is the proper proceeding to require the sending up the case to the circuit court by the justice of the peace. "Where the appellant filed his appeal bond within proper time, he cannot be bound by the failure of the justice of the peace to transmit the paper to the county court; but if the papers and transcript be not filed before the first day after the second term after the appeal is perfected, it is the duty of appellants to apply for a writ of *certiorari* to compel the justice to perform his duty. *Jones* v. *Spann,* 3 Civ. Cas. (Tex.) Ct. App., sec. 283.

"A party ready and willing to comply with the prerequisites to an appeal cannot be deprived of his right by the willful or accidental omission of the justice." *Louderback* v. *Boyd,* 1 Ashm. (Pa.), 380; 2 Ashm. (Pa.), 224; 4 Wis., 285.

"When a justice of the peace neglects to return an appeal bond, appellant should apply to the circuit court to compel him to make the return." *Little* v. *Smith,* 5 Wis., 400.

"Wherever the right of an individual is illegally infringed by the act of a person clothed with legal authority, he may have redress by *certiorari,* unless he can resort to a writ of error." *Delahuff* v. *Reed,* 1 Miss., 74.

"Appeals and writs of *certiorari* are only different modes of getting cases from a court of a justice of the peace to the circuit court, and do not affect the question of jurisdiction." *O'Leary* v. *Harris,* 50 Miss., 13; *Robinson* v. *Mhoon,* 68 Miss., 713.

TRULY, J., delivered the opinion of the court.

The appeal bond in the sum of $250 filed by Gamble with the justice of the peace before the expiration of five days from the rendition of the judgment operated to remove the civil case to the circuit court. This right could not be lost by the failure of the justice of the peace to indorse his approval on the bond. The bond was conditioned as required by § 82, Code 1892, and was in a penalty of more than double the amount of the judgment appealed from, and the sureties are admitted to be perfectly solvent. This is all that the law requires of a losing party who desires to appeal a civil case from a judgment rendered by a justice of the peace, and he cannot be deprived of his right of appeal by the trial justice arbitrarily or ignorantly demanding an appeal bond in a greater penalty than that authorized by the statute and refusing to approve a proper bond tendered in due time. *Winner & Meyer* v. *Williams,* 82 Miss., 669 (s.c., 35 South., 308). The contention of the appellant that the bond was intended to operate as an appeal bond in both the criminal and the civil cases, and is therefore insufficient in amount, is not tenable. This appeal bond was payable to the party who had obtained the judgment, and its conditions are entirely distinct from those required in criminal

cases under Code 1892, § 86. In civil cases the amount of the appeal bond is regulated by the amount of the judgment appealed from, or the value of the property involved. In criminal cases the penalty of the bond is prescribed by the justice of the peace who tries the case. The one is to secure the payment of any judgment which may be rendered by the appellate court; the other, to insure the appearance of the defendant and the payment of any fine and costs imposed.

The action of the circuit court in issuing the writ commanding the justice of the peace to produce the original papers in the civil case was correct. It was the duty of the justice of the peace, under Code 1892, § 84, to transmit to the clerk of the circuit court a certified copy of the record of the proceedings, with all the original papers and process in the case, and the original appeal bond given by the appellant; and, upon failure to discharge this legal duty, it was competent for the circuit court to issue the necessary process to enforce its performance. *Robinson* v. *Mhoon,* 68 Miss., 712 (9 South., 887). While the writ issued by the circuit court is in the record denominated a "writ of *certiorari,*" it was not issued in pursuance of Code 1892, § 89. Consequently it was not necessary to require the bond mentioned therein. This was not an effort to remove a case to the circuit court by *certiorari,* but was a writ to compel a derelict officer to discharge a duty imposed upon him by an express statutory mandate in reference to a case already duly appealed. And the writ was so considered and dealt with after the original papers were returned in obedience thereto. In passing upon cases brought before the circuit court by virtue of the provisions of sec. 89, the court is confined to an examination of questions of law arising and appearing on the face of the record and proceedings; but in the case at bar this course was not followed, but the case was docketed and tried *de novo,* under Code 1892, § 85. This procedure was correct. Gamble was entitled to have the merits of his case passed upon by the circuit court, and the method adopted by the learned trial judge

is that indicated and commended by this court in *Robinson* v. *Mhoon, supra*. It is the duty of the circuit court, upon proper showing, to see that the rights of litigants are not impaired on account of any unwarranted action by justices of the peace, and in the instant case this was done, and properly so.

Upon the merits, the granting of the peremptory instruction was manifestly correct, even upon the testimony of the appellant himself. Conceding that he had any legal contract with the tenant who left his premises, the record fails to show that he suffered any definite damage by reason of such leaving, or that the appellee had any knowledge of the existence of any contract between appellant and the tenant, if any such existed, or that appellee at any time either willfully interfered with or knowingly employed the tenant.

We see no error in the record.

*Affirmed.*