BARRETT *v.* PICKETT.

[78 South, 777, Division B.]

1. JUSTICE OF THE PEACE. *Appeal. Amending appeal bond.*

Where an appeal bond from a justice of the peace court is blank as to penalty, it may be amended by inserting the proper amount under the provisions of Code 1906, section 92 (Hemingway's Code, section 74), which provides that in appeals to the circuit court, if a bond be defective, a new one may be given.

2. JUSTICE OF THE PEACE. *Review. Certiorari.*

*Certiorari* may be resorted to to bring up to the circuit court a record from a justice of the peace court, where a bond has been filed but is deemed insufficient by the justice of the peace, who refused to approve it.

APPEAL from the circuit court of Yazoo county.
HON. W. H. POTTER, Judge.

Suit by W. A. Pickett against Jesse Barrett. From a judgment of the circuit court dismissing the appeal from a judgment of a justice of the peace for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*A. S. Coody,* for appellant.

The one main point to be settled in this case is whether or not the learned justice of the peace should have sent the papers to the circuit court as an appeal, on the papers and bond filed with him by Barrett. It is well understood what is necessary to take an appeal from the justice of the peace court to the circuit court, the one essential thing being to file a bond in the sum double the judgment and the cost of the court.

The essential part of an appeal bond is that it shall have solvent sureties on it; that is, be signed by persons able to pay the amount that may be required of them. Any other formal part is written into it by law.

It is the contention of appellant that he tendered to the justice of the peace a good and valid bond, signed by men solvent and able to pay the amount of the judgment. It will be noted here that the worth of the bondsmen has never been questioned, and the record stands for the fact that they were sufficient sureties.

But it is contended by the appellee, or was contended by him in the circuit court, that the bond was not a legal one because the penalty was not in the proper amount. The justice of the peace did not refuse to sign the bond because the sureties were not sufficient or solvent, but because the space left for the penalty was blank. He assumed that it was worthless, and admits that he threw it aside, together with the other papers

in the case, saying, "I have no use to keep those old things."

The one question to be decided here, is, did the fact that in the blank space left for the penalty to be written in, there was nothing, rendered the bond void and incapable of amendment.

It will be noted that appeals from the justice of the peace are taken as provided in section 83 of the Code of 1906, and as amended by the Laws of 1912, Section 83 says that the amount of the bond shall be "in the penalty of double amount of the judgment, or double the value of the property involved, and all costs accrued and likely to accrue in the case."

The statute fixes the penalty with certainty, so that in this case there could have been no possible doubt of the bond being proper. The name and style of the suit was stated therein, together with the date of the judgment, and the amount. The sureties were timely and solvent, and there was no reason in the world why the bond should not have been approved.

Section 1022, Code of 1906, reads as follows: "When any bond, recognizance, obligation, or undertaking of any kind shall be executed in any legal proceeding, or for the performance of any public contract, or for the faithful discharge of any duty, it shall inure to the person to whom it is designed by law as a security, and be subject to judgment in his favor, no matter to whom it is made payable, nor what is its amount, nor how it is conditioned; and the persons executing such bond or others liable to judgment or decree on such bond thereon and thereby, and shall be liable to judgment or decree on such bond or undertaking as if it were payable and conditioned in all respect as prescribed by law, if such bond or other obligation or undertaking had the effect in such proceeding or matter which a bond or other undertaking payable and conditioned as prescribed by law, would have

had; and where any such bond or undertaking is not for any specified sum. It shall bind the parties executing it for the full amount for which any bond or undertaking might have been required in the state of the case in which it was given.''

Nothing can be plainer than this statute, and with the amount of the judgment written in the face of the bond, there could not be doubt as to its validity, or any uncertainty as to its provisions.

No one would ever contend for an instant, that, had this case been appealed and judgment rendered on the appeal bond, that it could not have been collected. And that is all that is demanded of a bond, that it be collectible.

Section 3463 provides for official bonds and section 3484 provides for bonds taken by ''any officer in the discharge of his duty.'' Both these sections have a provision that protects any bond because of any informality. It is the settled practice in this state, especially, to disregard any informality in bonds, and to simply require them to set forth the intent of the undertaking. The law does the rest.

Speaking of an informal official bond, Justice TRULY said: ''When one signs what purports and is intended to be an official bond, whether as principal obligor or surety, the law writes in all necessary recitals, including proper penalty.'' *State* v. *Smith*, 87 Miss. 551.

This is a companion case on a bond, like in this case, and the bond would be even more binding in favor of an individual than in case of the state.

Sec. 775 of the Code of 1906, which is so frequently cited, provides for amendments and the decisions of this court are uniformly to the effect that, pleadings of all kinds and any proceeding, may be amended so as to cure any technical defect. It is useless to cite authorities on a matter so plain.

No question has been raised in this case about the writ of *certiorari* being the proper remedy to bring this case before the circuit court for review. However, attorney for appellee in his motion to dismiss in the lower court suggests that no point of law is involved in the matter brought up, but merely a question of fact.

In the case of *Redue* v. *Gamble,* which is a case very much like the one at bar, it was held that a writ of *certiorari* would answer to bring the suit to the circuit court, where the case would be reviewed. In this case, reported in 85 Miss. 165, there was the very point of a bond in an insufficient penalty, and a refusal of the justice of the peace to approve it and send up the appeal. See also the case of *Robinson* v. *Mhoon,* 68 Miss. 712.

In the present case, appellant Barrett has made a *bona-fide* effort to take an appeal to the circuit court. He desired his appeal in good faith, believing that he had been wrongfully sued, and a judgment rendered against him which was not just. He tendered a bond which correctly recited the essential facts of the case, signed by solvent persons, and he is entitled to have the merits of his case passed upon by the circuit court.

*M. B. Montgomery,* for appellee.

In the third "cause" shown, appellant alleged, that the justice was informed that defendant desired an appeal, and that within the ten days an appeal bond was signed by good and sufficient sureties and mailed to the justice of the peace, with instructions to fill in and make such alterations and insertions as in his sound discretion would be most nearly right and in conformity with justice. That the justice of the peace retained the bond, yet no appeal has been perfected. The facts are, as shown by the testimony in the circuit court, as shown by the testimony of both the

justice of the peace, Mr. Heard, and Mr. Day, the attorney for appellant, that the attorney for appellant prepared a bond for two hundred dollars, and the sureties signed same, and that he forwarded same to the justice of the peace, together with a letter from himself, requesting the justice to make such alterations as he should see fit. The justice knowing that he could not change the amount of a bond, without the consent of the sureties (3 C. J., pg. 1191, paragraph 1262), and the bond being in an insufficient amount, two hundred dollars, which was also the amount of the judgment, the justice refused to file or approve same, but wrote attorney for appellant of his action and mailed him a new bond in a penalty of double the amount of the judgment and costs accrued and likely to accrue. The case was tried on Saturday, the bond above mentioned was received by the justice on the following Thursday; the new bond was mailed to attorney the next morning, Friday, and according to the testimony of the attorney in the circuit court, was received by him on Monday, which was within the ten days, and the undisputed testimony of Mr. Heard, the justice, Mr. Day, the attorney for appellant, passed in front of his house on Tuesday, which according to section 1606 of the Code of 1906, was the last day. There was no delay on the part of the justice of the peace nor was there any duty on his part, or any authority by which he could change the amount of the bond and file and approve same. The bond forwarded to attorney for appellant was never returned, and the insufficient bond was never approved or filed, but was destroyed by the justice.

Section 83 of the Code of 1906, as amended by chapter 203 of the Laws of 1912, prescribes how appeals shall be taken from justices of the peace, and provides that bond shall be given in double the amount of the judgment or value of the property involved and all

costs accrued or likely to accrue, which bond shall be
approved by the justice. No bond in the penalty
provided by law was ever tendered, and therefore
there was no bond for the justice to approve and
consequently he didn't approve any. Counsel for ap-
pellant in his brief states that the bond presented
could have been collected and section 1022 made it
a good bond. I cannot convince myself that counsel
is serious in his contention that section 1022 applies to
bonds that have never been filed or approved, and
on which no liability has attached to the sureties.
Section 1022 provides, that when a bond, recognizance,
obligation or undertaking of any kind shall be exe-
cuted in any legal proceedings, etc., it only applies
to bonds that have been executed, and it is a funda-
mental proposition of law, that anything is not exe-
cuted until every step necessary to its complete valid-
ity has been performed. Every act essential to the
complete making and delivery of the instrument is
included in the word execute, so that an allegation that a
bond was executed would be sufficient to cover every
essential to the making and approving of a bond, and
would cover the approving of the bond, which is a
necessary step to the attaching of liability on the part
of the sureties, unless same had been acted on as if
approved. See the case of *Fire Ass'n of Philadelphia*
v. *Ruby,* 60 Neb. 216, 82 N. W. 629, where the court
says the word executed embraces all acts essential to
a complete execution of the bond, including the inter-
mediate act of approval'' (2nd paragraph, p. 631 of
82 N. W.). It is plain therefore that, inasmuch as sec-
tion 1022 applies to bonds executed and the bond in
this case was not executed, section 1022 does not apply,
and the saving provisions of that section do not even
remotely affect this bond.

There was no bond filed in the penalty required by
law, and there was no duty on the part of the justice of

the peace to change the bond so as to make it conform to the law. In fact had he changed the amount of the bond, he would have changed the obligation of the sureties and thereby released them. Of course if he had approved the bond and certified the record to the circuit court, the bond could have been amended by filing a new bond, on motion to dismiss. The court looked into this question, took testimony on it, and decided that no bond had been filed or approved, that no bond in accordance with law had been tendered, and that therefore plaintiff had not been deprived of his appeal.

With all due respect for the attorneys, I am inclined to view this case as an abortive attempt to cancel the payment of an honest debt. There is absolutely no merit to their defense, either in fact or in law, but already the appellee has been deprived of his rental for a period of sixteen months, by the groundless appeals of the appellant. They have presented no case to this court, just as they presented no case to the circuit court or the justice court, and I respectfully submit that the judgment should be affirmed.

ETHERIDGE, J., delivered the opinion of the court.

W. A. Pickett sued Jesse Barrett before a justice of the peace for two hundred dollars for rent on land. Judgment was rendered in the justice court for the plaintiff in the sum of two hundred dollars and costs. The defendant there desired an appeal to the circuit court, and the justice of the peace gave the attorney for the defendant a blank appeal bond. The attorney returned to his home, and, recollecting the amount of the judgment as being two hundred dollars wrote up the bond describing the judgment as being a judgment for two hundred dollars but left the penalty of the bond blank, being under the impression that the penalty

had to be twice the amount of the judgment and costs, and not knowing the amount of the costs, he explained to the sureties on the bond the fact, and the sureties agreed that the bond might be filled in so as to make the penalty the proper amount. The attorney thereupon sent the bond to the justice of the peace before whom the judgment was taken, with instructions to fill in or make the necessary changes in the bond to conform to the necessities of the case. The justice of the peace refused to do that, believing he had no right to fill in the bond, and thereupon wrote out a bond with the penalty of four hundred and fifty dollars and returned to the attorney of the defendant; but this was received on the last day on which the bond might be filed, and said attorney lived some twenty miles from the residence of the justice of the peace, and no effort was made to secure a new bond. The justice declined to send up the papers, and a writ of *certiorari* was taken from the circuit court, commanding the papers to be sent up. In the meantime the papers had been lost, but the justice made up duplicate copies and re-established the papers under proper proceedings, and sent the papers to the circuit court. In the circuit court the defendant applied for leave to amend the appeal bond, so as to write in the proper amount, and substitute the bond thus amended for the original bond. The court disallowed this motion, and dismissed the appeal, from which judgment appellant appeals here.

We think the learned court below was in error in dismissing the appeal. The bond could be amended in the circuit court by filling in the proper amount under section 92 of the Code of 1906 (section 74 of Hemingway's Code), which reads as follows:

"In all appeals and in proceedings of *certiorari* to the circuit court, the said court, on motion of the appellee or obligee, may inquire into the sufficiency of

117 Miss.—53.

the amount of the bond, and of the security thereon, and may at any time require a new bond, or additional security, on pain of dismissal; and if any bond be defective, the principal therein may give a new one, which shall have the same effect as if given originally."

This court decided in *Denton* v. *Denton,* 77 Miss. 375, 27 So. 383, that an appeal bond in a penalty less than the minimum sum required by law is not void, but may be amended under section 92, authorizing the perfecting of such bonds in the circuit court. In that case the bond was less than the one hundred dollar minimum provided by statute. In *Redus* v. *Gamble,* 85 Miss. 165, 37 So. 1010, the court held that *certoirari* might be resorted to, to bring up a record in a case where a bond had been filed, in that case in a proper penalty, but deemed insufficient by the justice of the peace, who refused to approve it.

The case is reversed and remanded.

*Reversed and remanded.*