Keys *v.* Borden *et al.*

(Division B.   Jan. 18, 1937.   Suggestion of Error Overruled March 1, 1937.)

[171 So. 887.   No. 32512.]

Barnett, Jones & Barnett, and John E. Stone, all of Jackson, and Bidwell Adam, of Gulfport, for appellant.

**Watkins & Eager,** of Jackson, and **S. C. Mize,** of Gulf-port, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action in the circuit court of Harrison county against appellees, P. L. Borden, doing business as Coca-Cola Bottling Company, and John Chapman and Joe Martino, to recover damages for a personal injury received by her as the result of a collision between an automobile owned and driven by Martino, in which she was a passenger, and a delivery truck of Borden's, driven by his servant Chapman.

In addition to pleas of the general issue, the defendants Borden and Chapman pleaded in abatement and also res judicata. Appellant demurred to these special pleas. The demurrer was sustained as to the pleas in abatement and overruled as to the pleas of res judicata. Appellant declining to plead further, final judgment was entered dismissing the cause. From that judgment appellant prosecutes this appeal.

Appellant made the following case by her declaration: She was a passenger in an automobile owned and being driven by defendant Martino. The defendant Chapman was driving an automobile delivery truck in the service of his master, the defendant Borden. There was a rear collision between the truck and the automobile in which appellant was a passenger, resulting in serious personal injuries to her. The proximate cause of the collision and injury was the concurrent negligence of Martino and Chapman.

The pleas of res judicata set up substantially the following facts: Appellant first sued Borden alone for the injuries. This suit was brought in a court of a justice of the peace of Hinds county; the amount sued for was $200; there was a trial and judgment in favor of Borden, from which appellant appealed to the county court of Hinds county. She gave an appeal bond in the sum of only $30. The justice of the peace who tried the cause

approved the bond and certified the record of the case up to the county court. After the cause reached the county court, on appellant's motion a nonsuit was entered—not a dismissal of the appeal—and the costs were adjudged against appellant, which she paid.

The position of Borden and Chapman is that thereby there was a final adjudication in their favor of any liability on their part for appellant's injuries. Although Chapman was not a party to those proceedings, he claimed the same rights thereunder as Borden, whom he was serving at the time of the injury. He makes this claim under the rule, held by some courts, that, where the liability of the master is based solely on the negligence of the servant, under the doctrine of respondeat superior a judgment on the merits relieving the master of liability is a bar to any suit against the servant for the same negligent act. We do not reach this question because the view we take renders it unnecessary.

We are of the opinion that the court erred in overruling the appellant's demurrer to the pleas of res judicata. In doing so the court necessarily held that the county court was without jurisdiction to enter a nonsuit, and that therefore what was done amounted to a dismissal of the appeal instead of a nonsuit, leaving standing the judgment of the justice of the peace.

Section 64, in connection with section 705, Code of 1930, provides how appeals shall be taken from the courts of justices of the peace to the county courts. The minimum appeal bond is fixed at $100. As stated, the one given by appellant was for only $30. Section 67 of the Code provides that appeals from the judgments of justices of the peace shall be tried anew in a summary way without pleadings in writing. Section 74, Code of 1930, provides as follows: "In all appeals and in proceedings of certiorari to the circuit court, the said court, on motion of the appellee or obligee, may inquire into the sufficiency

of the amount of the bond, and of the the security thereon, and may at any time require a new bond, or additional security, on pain of dismissal; and if any bond be defective, the principal therein may give a new one, which shall have the same effect as if given originally.''

Section 594, Code of 1930, provides that, if plaintiff desires to suffer a nonsuit, he may do so at any time before the jury retires to consider its verdict.

The appeal to the county court was not void; it was only defective. Under section 74 of the Code the bond was amendable. Gaddis v. Palmer, 60 Miss. 758; James v. Woods, 65 Miss. 528, 5 So. 106; Denton v. Denton, 77 Miss. 375, 27 So. 383; Thorsen v. Illinois C. R. Co., 112 Miss. 139, 72 So. 879; De Laval Separator Co. v. Cutts, 142 Miss. 379, 107 So. 522; Barrett v. Pickett, 117 Miss. 825, 78 So. 777; Wallace v. State, 149 Miss. 198, 115 So. 342; Williams v. Johnson, 175 Miss. 419, 167 So. 639.

The argument to sustain the action of the court, in its last analysis, means that, if the bond had been properly amended, a valid nonsuit could have followed, otherwise it could not; that therefore what was done was nothing more than a dismissal of the appeal, leaving the judgment appealed from undisturbed. What was said by the court in Lucedale Commercial Co. v. Strength, 163 Miss. 346, 141 So. 769, with respect to the jurisdiction of the circuit courts in cases appealed from the courts of the justices of the peace, under section 705 applies equally to the county courts. The court said that the jurisdiction acquired was not in any proper sense appellate; that the authority of the circuit court was not confined to a review, and an affirmance or a reversal of the judgment appealed from, but that the case had to be tried anew as if it had been originally instituted in the circuit court, ''with the single exception that written pleadings are not required;'' that the court had the right ''to consider such cases de novo on appeal, and decide them according to

'the law and the evidence, independent of the rulings and judgment of the lower court''; and that such jurisdiction was original and not appellate.

The approval of the defective bond and the transfer of the case to the county court gave that court as full jurisdiction as it would have had with a proper bond. If a nonsuit had not been taken, and the cause had been tried and final judgment rendered in the county court, without the bond being amended, as provided by section 74, Code of 1930, the judgment would have been valid, notwithstanding the defect in the bond. A contrary view would mean that the county court was powerless to move in the cause until a valid bond was given. We think that position is unsound and cannot be reconciled with the statutes and decisions of this court referred to. Under section 74 of the Code the defect in the bond is amendable on the motion of the ''appellee or obligee.'' Suppose the appellee or obligee fails to make a motion inquiring into the sufficiency of the bond, would all the proceedings after that be void? We think not.

Reversed and remanded.