ADAMS, et al. *v.* DAY.

Division B. Dec. 10, 1951.

No. 38131 (55 So. (2d) 490)

**F. W. Stratton,** for appellant.

**Joe Upton,** for appellee.

**Holmes, C.**

Appellant sued the appellee in the justice of the peace court to recover on open account the sum of $191.90, alleged to be due and owing for insurance premiums. Judgment was rendered by the justice of the peace in favor of the appellee on May 6, 1950, and on the same day appellant perfected an appeal to the circuit court by filing an appeal bond in accordance with the requirements of Section 1198 of the Mississippi Code of 1942, which bond was duly approved by the justice of the peace. When the cause came on for hearing at the October, 1950 term of the circuit court, it appeared that the transcript of the proceedings in the justice of the peace court, filed in the circuit court, was not authenticated by the certificate of the justice of the peace as required by Section 1200 of the Mississippi Code of 1942, and appellee moved the court to dismiss the cause for this reason. The appellant also filed a motion for time to have the justice of the peace perfect the transcript of the proceedings, which motion, according to the admission of the appellee in his brief, was called to the attention of the court during the hearing of the motion to dismiss. The court sustained the motion to dismiss and entered judgment dismissing the cause and assessing the appellant with court costs, from which judgment this appeal is prosecuted. No formal order appears to have been entered on appellant's motion for time to have the justice of the

peace perfect the transcript, but the effect of the court's action in sustaining the motion to dismiss was to deny appellant's said motion.

It is the contention of the appellant on this appeal that the trial court erred, first, in not granting the motion of appellant for time to have perfected the transcript of the proceedings in the justice of the peace court, and, second, in sustaining the appellee's motion and dismissing the cause.

It is well settled under the prior decisions of this court that the circuit court acquires no jurisdiction of a cause appealed from the justice of the peace court where the transcript of the proceedings in the latter court, filed in the circuit court, is not authenticated by the certificate of the justice of the peace. Pierce v. Jernigan, 151 Miss. 758, 118 So. 898; Rogers v. City of Hattiesburg, 99 Miss. 639, 55 So. 481; Ball v. Sledge, 82 Miss. 747, 35 So. 214; Travillion v. State, 206 Miss. 236, 39 So. (2d) 773, and other cases there cited.

We are of the opinion, however, that the trial court should have allowed the appellant a reasonable time in which to have perfected the transcript of the proceedings in the justice of the peace court. He had timely filed a proper appeal bond and he ought not to be deprived of his right of appeal through the dereliction of the justice of the peace in failing to properly certify to the transcript. In the case of Robinson v. Mhoon, 68 Miss. 712, 9 So. 887, 888, the court said: . "The misconduct of officials should not be permitted to defeat litigants of clear right accorded them by law; and the circuit court, by virtue of its inherent powers as an appellate tribunal, in proper cases should exercise its authority in restraining the inferior tribunal, and constraining it to yield obedience to lawful requirement." Again in the case of Redus v. Gamble, 85 Miss. 165, 37 So. 1010, 1011, the court said that "It is the duty of the circuit court, upon proper showing, to see that the rights of litigants are not impaired on account of any unwarranted action by justices

of the peace''. Accordingly, the judgment of the circuit court is reversed and the cause is remanded, with directions to that court to dismiss the appeal to it and award a writ of procedendo to the justice of the peace court to enforce its judgment, unless the appellant shall perfect the record of the proceedings from the justice of the peace court within such reasonable time as the said circuit court may fix.

Reversed and remanded.

PER CURIAM.

The above opinion is adopted as the opinion of the Court and for the reasons therein indicated, the judgment of the court below is reversed and remanded.

**Hall, J.**, took no part in the decision of this case.