*Southern District*

### HAROLD J. SHEEHAN et al
### v.
### CHARLES WILBUR d/b/a
### CLOVER VALLEY FARM

*Present*: Nash, P. J., Callan & Sgarzi, JJ.

Case tried to *Welch, J.* in the First District Court of Bristol. No. 386 of 1960.

*Callan, J.* While operating his motor vehicle on a public way in the town of Easton, the plaintiff, Harold J. Sheehan, sustained personal injury and property damage to his car, which was in collision with a young cow owned or controlled by the defendant. The plaintiff's wife, who was a passenger, was also injured and this action of tort was brought based on negligence.

*The evidence indicates that* late in the afternoon of the day in question, the plaintiff was operating his motor vehicle on a public way at a speed of about twenty-five miles per hour when a heifer weighing about three hundred pounds and owned by the defendant suddenly lunged through trees and bushes out onto the highway and collided with the right front side of the plaintiff's vehicle. The defendant admitted it was his animal, which, on the morning of the accident, had been taken to pasture in a field that borders on the westerly side of the street and that had a wall about four feet high with wire on top. At the time of the accident, there was a town by-law in effect that provided,

> "no owner or person having the care of any sheep, goats, swine, oxen, horses, or any other grazing animals, shall permit or suffer the same to go at large, or to graze on any street, way, common square or any other public place within the town."

The plaintiffs filed requests for rulings that were denied because the judge found as a fact that the defendant did not permit or

suffer one of his cattle to go at large on the public way and found for the defendant. The requests of the plaintiffs in question are as follows:

1. The act of the defendant, as the owner or keeper of cattle, in permitting or suffering one of the cattle to go at large on the public way on which the plaintiffs were travellers, was a breach of duty by the defendant with regard to keep of the animal and such breach of duty was negligence on the part of the defendant.

2. The proximate cause of the accident to the plaintiffs was the presence, at large, on the public way on which the plaintiffs were travelling, of one of the cattle owned or kept by the defendant and the defendant having permitted or suffered the animal to be so at large, is liable for the injuries and damage sustained by the plaintiffs when the animal came in contact with the vehicle in which the plaintiffs were travelling.

3. The act of the defendant, as the owner or keeper of cattle in permitting or suffering one of the cattle to go at large on the public way on which the plaintiffs were travellers was in violation of law and such violation of law contributed to the accident to the plaintiffs.

4. On all the evidence the plaintiffs are entitled to recover.

A motion for a new trial was filed by the plaintiffs and was denied and the plaintiffs being aggrieved by the denial of their requests and their motion for new trial claim a report to this Division.

The general rule is that in the absence of negligence, violation of regulatory provisions, or the presence of a vicious or mischievous propensity of which the owner has notice or knowledge, the owner of domestic animals permitted to be at large on a public way is not liable for injuries sustained by a motor vehicle or its occupants through a collision with such animals. See Restatement, Torts, §518; *Pelham v. Spears,* 222 Ala. 365; *Strait v. Bartholomew,* 195 Iowa 377; *Tasoni v. LeBourtillier,* 130 Pa. Super 303; *Porrier v. Spivey,* 97 Ga. App. 209; Abbott v. Howard, 169 Kan. 305.

> "A stray horse when upon a public highway without negligence on the part of its owner is not an outlaw nor, as against a traveller exercising a traveller's rights to use the highway, is such an animal a trespasser. The statutes dealing with pounds and impounding of certain domestic animals including horses impose no penalty upon the owner of such an animal which appears unattended on a highway, although its presence there is unlawful in the sense that it may be taken, placed in a pound and not delivered to its owner unless he pays the fees and expenses incident to its taking and impounding. G. L. (Ter. Ed.) c.49, §§22-41. But as to travellers on the highway the mere presence there of such a stray animal is not unlawful in the sense that the right of the owner to recover for its injury or killing through the negligence of a traveller is thereby affected. In an action by the owner against a traveller for such an animal's injury or death through negli-

gence, the measure of the plaintiff's rights and the defendant's duties is the common rule of due care."

*Texeira v. Sundquist,* 288 Mass. 93, 94, 95.

■ The defendant had the duty to look after the animal and to use due care to control it, otherwise he is liable for damages caused when it collided with the plaintiff's vehicle on a public road. *Tessoni v. LeBourtillier, Supra.* In several jurisdictions an owner of domestic animals may lawfully permit them to run at large on the public highway. *Fox v. Koenig,* 190 Wis. 528; *Pennyan v. Alexander,* 229 Miss. 704. Under modern highway conditions reasonable care to keep animals off the highway is required. *Rice v. Turner,* 191 Va. 601; *Corey v. Smith,* 233 Ind. 452; *Shaw v. Joyce,* 249 NC 415.

■ The plaintiffs base their claim on negligence. There appears to be no evidence of the manner in which the animal got where it was, but the plaintiffs claim they are aided by the town by-law. This is so. The apparent intent of the by-law is to impose an absolute duty on the owner of an animal of the kind specified therein to see that it remains off the highway because of public danger that may result therefrom. There was a violation of the by-law by the defendant, which violation was the proximate cause of the happening of the accident, although he had no knowledge of how the animal reached the point of collision. The owner was bound to comply with

the by-law requirements. We adopt the meaning of "permit or suffer" as laid down by the Court in *C. v. Curtis,* 9 Allen 266 as meaning "to allow by not prohibiting". Acquiescence is not a necessary element. The by-law imposes a total prohibition. The terms permit and suffer are synonymous. See: *Re Thomas,* 103 Fed. 272; *P. v. Ahrend,* 123 NE2nd 799; *Markus v. Justice,* 255 P. 2nd. 883. The violation of this is some evidence of negligence if it was the proximate cause of the accident. Violation of a penal statute is evidence of negligence as to all consequences that the statute was intended to prevent, to be considered with other evidence of negligence if any produced at the trial. *Baggs v. Hirschfield,* 293 Mass. 1; *Botelho v. Margarida,* 312 Mass. 429. The plaintiffs are further aided by the doctrine of "res ipsa loquitur" which doctrine applies when the circumstances are such as to afford a reasonable inference that according to ordinary experience the accident would not have happened except for negligence of the defendant. While the inference is not mandatory but merely permissive. *Ginsberg v. MTA,* 333 Mass. 514, 516, yet from the facts here, negligence could have been inferred in that it was unlikely that the animal could have been where it was unless there was an element of negligence on the defendant's part to make sure that it could not have strayed onto the street. Whether there was contributory negligence on the plaintiff's part rests on the defendant

to prove. There is no sufficient evidence shown in the report.

The plaintiff's requests should have been granted and the case is ordered remanded to the District Court for further hearing on the question of damages only.

Herbert F. Patriquin of Mansfield, for the Defendant.