JONES, Justice
(dissenting).
The majority, relying on Kent v. Sims, 460 So.2d 144 (Ala.1984), White v. Law, 454 So.2d 515 (Ala.1984), and Allen v. Whitehead, 423 So.2d 835 (Ala.1982), is of the view that a change in our law would be required in order to reverse the summary judgment for the defendant in this dog-bite case. I respectfully disagree.
On December 7, 1983, a pit bulldog belonging to the defendant, G.T. Hendrix, attacked 8-year-old Michael Coley, causing him severe physical and emotional injury. This was the first time the 2-year-old dog had attacked anyone. The defendant’s motion for summary judgment was countered by the plaintiffs’ motion in opposition to summary judgment, supported by the affidavit of Dr. Randall Lockwood and by numerous documents, articles, and advertisements relating to the history and nature of pit bulldogs. The trial court also had before it the depositions of the defendant, the mother and father of Michael, and a neighbor of the defendant. The plaintiffs appeal from summary judgment entered in favor of the defendant.
Appellate review of the judgment below utilizes the same standard of testing the evidence that guided the trial court. Wright v. Robinson, 468 So.2d 94 (Ala.1985). That is, viewing all reasonable inferences from the facts most favorably to the nonmoving parties (the plaintiffs) (Cooper v. Elba Exchange Bank, 496 So.2d 41 (Ala.1986)), and resolving any factual dispute or any doubt against the moving party (the defendant) (Cofield v. Smith, 495 So.2d 61 (Ala.1986); Taylor v. Waters, 477 So.2d 441 (Ala.Civ.App.1985)), we must determine whether there was any evidence offered by the plaintiffs to contradict the defendant’s motion and create a triable issue of fact. See Horner v. First Nat. Bank of Mobile, 473 So.2d 1025 (Ala.1985); Hart v. General Motors Acceptance Corp., 437 So.2d 1255 (Ala.1983).
Applying this standard to the facts of this case, in light of the applicable substantive rule of law, I find that the evidence, and the reasonable inferences to be drawn from that evidence, did create a triable issue of fact. In my opinion, therefore, summary judgment was inappropriate.
I would not view a reversal of the trial court’s ruling as a departure from the general rule of law that governs these “dog bite” cases. There is no merit to the oft-quoted maxim that a dog is “entitled to one free bite” before liability may be imposed upon the dog’s owner. The law in Ala *217 bama — as well as the general law — imposes liability on a dog owner for injury caused by the dog when the owner had knowledge or reason to know of the dangerous propensities of the dog. The owner’s liability, however, is limited to the particular risk of harm which the owner knew or should have known to exist. Allen v. Whitehead, 423 So.2d 835 (Ala.1982); Restatement (Second) of Torts, § 509 (1981).
Here, the defendant’s motion for summary judgment required the trial court to determine whether there had been shown, either by positive proof or by inferences from the evidence, that the defendant had previous knowledge, actual or imputed, of his dog’s propensity to cause the injury complained of here. The trial court held that the defendant was entitled to a judgment as a matter of law, “being of the opinion there [was] no genuine issue as to any material fact.” This, in my opinion, was error.
The facts here do not present the “classic” dog-bite case. The trial court had before it documents which describe the history and nature of pit bulldogs — animals bred as tenacious attackers with a high tolerance for pain and with jaws capable of exerting 2,000 pounds of pressure per square inch. Reviewing this record, I cannot but find that the mere ownership of a pit bulldog may impute to the owner knowledge of the natural tendencies of that class of animal — including an extreme aggressiveness toward other animals, a lack of external signs to warn of an impending attack, a refusal to cease an attack once it has begun, and a ratio of attack ten times greater than its proportionate representation in the canine population.
Other jurisdictions, in resolving the issue with which we are now faced, have held that the owner of a domestic animal is assumed to know the animal’s general propensities and, therefore, is under a duty to use due care to prevent injury from the animal’s reasonably anticipated behavior. Griner v. Smith, 43 N.C.App. 400, 259 S.E.2d 383 (1979). It has been held that evidence of a domestic animal’s “vicious traits” is unnecessary when that animal has acted in accordance with its natural tendencies. Such action is reasonably foreseeable and, therefore, requires preventive control of the animal. Saldi v. Brighton Stock Yard Co., 344 Mass. 89, 181 N.E.2d 687 (1962). The general rule is aptly stated at 4 Am.Jur.2d Animals ,§ 86 (1962) at 332, and § 90, at 337:
§ 86:'
“[T]he owner or keeper of a domestic animal is bound to take notice of the general propensities of the class to which it belongs, and also of any particular propensities peculiar to the animal itself of which he has knowledge or is put on notice; and insofar as such propensities are of a nature likely to cause injury he must exercise reasonable care to guard against them and to prevent injuries which are reasonably to be anticipated from them....”
§ 90:
“Even in the absence of any known viciousness in a domestic animal, its owner is obliged to exercise over it a certain degree of care depending upon the kind and character of the particular animal concerned, the circumstances in which it is placed, and the purposes for which it is employed or kept. The owner or keeper of a domestic animal is charged with knowledge of the natural propensities of animals of the particular class to which this animal belongs, and, if these propensities are of the kind that might cause injury he must exercise the care necessary to prevent such injuries as may be anticipated.”
See, also, Mungo v. Bennett, 238 S.C. 79, 119 S.E.2d 522 (1961); Pennyan v. Alexander, 229 Miss. 704, 91 So.2d 728 (1957); Loftin v. McCrainie, 47 So.2d 298 (Fla.1950).
I would hold that whether this defendant knew or should have known of the likelihood that his pit bulldog would attack a human was a question of fact, not to be decided on a motion for summary judgment. Barrett v. Farmers & Merchants Bank of Piedmont, 451 So.2d 257 (Ala. 1984); Comment to A.R.Civ.P. 56. I do not believe the defendant met the burden of *218 establishing the absence of evidence supporting the plaintiffs’ claims of negligence; therefore, in my opinion, summary judgment was improperly granted and the judgment should be reversed. See Fountain v. Phillips, 404 So.2d 614 (Ala.1981); A.R.Civ.P. 50, 56.
ADAMS, HOUSTON, and STEAGALL, JJ., concur.