NATHAN BARNES *vs.* JOSEPH CHAPIN.

If a sucking colt, while following its dam which is led by her owner in a highway, is kicked and killed by a horse which has been turned loose in the highway without a keeper, the owner of the colt, if found by the jury to have been in the exercise of reasonable care, may recover damages of the owner of the horse, although the horse was not vicious.

TORT for the value of a colt kicked and killed by the defendant's mare.

At the trial in the superior court, before *Brigham*, J., it appeared that the plaintiff was leading his mare in the highway by a bridle, and her sucking colt, three weeks old, was near her, unfastened, and the defendant's mare, which had been turned loose

into the highway, ran up and chased the colt and kicked and killed it. There was no evidence that the defendant's mare was vicious. The defendant requested the judge to instruct the jury that the plaintiff could not recover unless the defendant's mare was vicious and known by him to be so; and that the plaintiff could not recover, inasmuch as it appeared that the colt, as well as the defendant's mare, was at large and not under the control of a keeper. The judge declined so to rule, and instructed the jury that if, considering the age of the colt, the plaintiff was in the use of ordinary and reasonable care, he was entitled to recover.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*S. O. Lamb*, ( *G. T. Davis* with him,) for the defendant.

*S. T. Field*, for the plaintiff.

CHAPMAN, J. The general doctrine of the common law as to injuries done by domestic animals seems to be, that the owner is not liable unless he has been in some fault. He is liable for their trespasses when it was his duty to confine them, and he has neglected to do so. In *Leame* v. *Bray*, 3 East, 595, Lord Ellenborough says, " If I put in motion a dangerous thing, as if I let loose a dangerous animal, and leave to hazard what may happen, and mischief ensue to any person, I am answerable in trespass."

In this case, the verdict of the jury, under the instructions of the court, finds that the plaintiff was using ordinary and reasonable care in travelling on the highway. The facts reported furnish no reason to doubt the correctness of the verdict on this point. The suggestion of the defendant's counsel that reasonable care required the plaintiff to confine by a halter a colt three weeks old, while it was travelling by the side of its dam, the plaintiff being present and leading the dam by a halter, might be properly addressed to the consideration of the jury, but does not come within the scope of judicial determination.

As to the defendant, it appears that he was in fault in permitting his mare to go at large on the highway without a keeper. Highways are dedicated to the use of travellers. In this

commonwealth it has long been regarded as inconsistent with the safety and convenience of travellers to permit horses to go at large on the highway; and such an act is an offence against our statutes. As the plaintiff was using reasonable care, and as the defendant's fault concurred with the act of his animal in causing the injury to the plaintiff's property, the action is well maintained. *Exceptions overruled*