Rennie, Appellant, v. Schepps et al.

Argued April 23, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

40

 

*Robert M. Bernstein,* with him *John V. Horan,* for appellant.

*Theodore F. Jenkins,* for appellee, was not heard.

PER CURIAM, May 13, 1929:

This case involves a curious accident. On March 17, 1926, about 3:30 P. M., plaintiff was driving his automobile upon the streets of a part of Philadelphia known as Richmond, when, to quote from plaintiff's statement of the facts, a large steer "butted into the side of [the car], went to the rear and again butted [it] ; then......made another lunge, knocking the car clear off its wheels and on one side. The steer made a [final] lunge against the front of the car......and then went down the street." Plaintiff was injured; he brought an action of trespass against defendant Schepps and the West Philadelphia Stockyard Company, alleging that "defendants were guilty of negligence in leading or driving said [steer] over and upon the public highways without properly securing, attending and controlling [it], well knowing that said [steer] was an animal of vicious propensities." So far as the last allegation goes, plaintiff did not prove the scienter; and as to the first allegation, plaintiff failed to prove negligence.

The evidence showed that Schepps had a contract with the other defendant under which it delivered cattle, purchased by him, at his place of business. On the day in

question, the stockyard company brought to Schepps, in one of their trucks, seven dehorned steers, but the street leading up to his yard was too narrow to permit delivery directly upon the premises. While the animals were being taken from the truck through this street (a distance of about 50 feet), one of them "bolted and ran away"; Schepps had, in charge of the transfer of the steers from the auto truck to his yard, himself, two employees, and the two men who came on the truck. He immediately sent his two men in an automobile in pursuit of the fleeing steer, but before they could catch up with it, the accident had happened.

There was no evidence whatever to show carelessness on the part of those in charge of the transfer of the steers, and we agree with the view expressed in the following excerpt from the opinion of the court below: "The burden of proving negligence in a case of this sort is no different from that in any other negligence case, except [in cases where] the doctrine of res ipsa loquitur is applied, and this is not one of them; plaintiff cannot recover on the mere happening of the occurrence; he must present some proofs from which negligence can fairly be inferred." We may add that, while we have assumed the steer which butted plaintiff's car was the one which escaped from defendants, yet, in point of fact, even that fact was not proved.

The order refusing to remove the nonsuit is affirmed.