Tassoni, Appellant, *v.* LeBoutillier.

Argued November 18, 1937.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*Truman D. Wade,* for appellant.

*Wm. E. Parke,* for appellee.

OPINION BY RHODES, J., January 27, 1938:

Plaintiff instituted an action of trespass against defendant to recover for damages to his automobile caused by defendant's horse. Defendant filed no affidavit of defense to plaintiff's statement of claim. The trial judge granted defendant's motion for a compulsory nonsuit, which the court below subsequently refused to take off, and plaintiff has appealed.

"On this appeal we must view the evidence in the light most favorable to plaintiff, assuming the truth of the evidence and giving plaintiff the benefit of all inferences fairly deducible therefrom, and resolve all doubts in favor of a trial. *Malone v. Marano,* 326 Pa. 316, 192 A. 254, and *Bahas v. Equitable Life Assurance Society of United States,* 128 Pa. Superior Ct. 167, 193 A. 344": *Allen v. Mitten Bank Securities Corporation,* 129 Pa. Superior Ct. 341, at page 345, 195 A. 459, at page 461.

On September 13, 1935, at about 12:30 a. m., plaintiff was properly driving his automobile in an easterly direction on the south side of a concrete public highway in Upper Merion Township, Montgomery County, Pa. The morning was dark and misty. At or about the junction of said concrete highway with another public highway, joining the former from the north, a straying horse owned by defendant collided violently with the left side of plaintiff's automobile, at a point slightly to the rear of the driver's seat. The horse, unattended, and without any notice to the plaintiff of its proximity, dashed out of the intersecting macadam highway. It was from defendant's farm, located on the macadam

highway, about one-half mile from the point of the accident. Defendant did not live on the farm. The horse was killed by the impact, and after the accident was found lying in the middle of the concrete highway. When the accident occurred, plaintiff's automobile had passed the point where its lights lit up the intersecting road, and he did not see or hear the horse as it came out of the intersecting highway.

Plaintiff's statement of claim alleged that while plaintiff was properly operating his automobile on the public highway therein described "a horse owned by the defendant, ...... without warning to the plaintiff, dashed on to the said public highway ...... from a lane leading on to the said highway from the north and with great force dashed into plaintiff's automobile ...... That the [defendant] carelessly and recklessly and negligently failed and neglected to keep and restrain his said horse from the highway and carelessly and recklessly and negligently failed to properly stable his said horse on his farm property ...... and ...... carelessly, recklessly and negligently permitted and allowed the said horse to roam and stray upon the public highway and carelessly and recklessly permitted the said horse to dash into the automobile of the plaintiff, thereby causing the damage to the plaintiff's automobile hereinafter complained of."

The burden of proof of defendant's negligence as averred was on plaintiff. At least, " 'he must present some proofs from which negligence can fairly be inferred' ": *Rennie v. Schepps et al.,* 297 Pa. 39, at page 41, 146 A. 261, at page 262. Defendant would not be "responsible for injuries caused by his [horse] unless he himself was guilty of negligence in his manner of controlling or not controlling that property": *Andrews v. Smith et ux.,* 324 Pa. 455, at page 458, 188 A. 146, at page 148.

In *Potter Title & Trust Co. v. Oswald & Hess Co.,*

322 Pa. 81, at page 84, 185 A. 231, at page 232, Mr. Justice SCHAFFER, speaking for our Supreme Court, said: "Of course, there is more or less danger from cattle which are at large in public streets, but unless their presence is due to some negligent act, the owner of them cannot be held responsible for their conduct."

Although these principles are applicable to the instant case, we think the facts developed by plaintiff required defendant to go forward with the evidence.

Defendant's animal was roaming the public highways at midnight, endangering the traveling public. It had wandered at least a half mile from defendant's farm and dashed onto a concrete public highway from another public highway. It was unattended. No one appeared in search of it, and the carcass had to be removed from the concrete roadway by travelers using that highway. The animal was wrongly in the highway (see *North Pennsylvania Railroad Co. v. Rehman,* 49 Pa. 101, 108) ; it was where it had no right to be, while plaintiff was lawfully on the highway attending to his own business (see *Goodman v. Gay,* 15 Pa. 188, 194). In *North Pennsylvania Railroad Co. v. Rehman,* supra, at page 108, it was said: "Highways are established to accommodate travel alone, and it can hardly be, that unattended and loitering cattle are within the class. True, they may not be taken up as strays because on the highway, nor the owner sued for trespass for that reason alone; but unreasoning and dumb, it is absurd to think of them in reference to rules governing the enjoyment of the easement of passing and repassing on a highway, among which is the duty to take care of the rights of others, and their own safety. Such being the case, as a general thing, it is negligence to permit them to wander where they may do as well as receive injury."

It was defendant's duty to look after his property and to use due care to control it, otherwise he was liable for the damage caused by it. "The owner of any kind

of animal is supposed to have knowledge of its generic disposition to stray and liability to take fright; and if its size and speed are such as to make it dangerous under such circumstances, the owner is bound to ordinary care to keep it from straying, and if he does not, he will be liable for all injuries committed by it while straying, which he ought, in prudence, to have foreseen as likely to occur": Hanover, Law of Horses, p. 367, §709. The unexplained facts were sufficient to require submission of the case to the jury on the question whether defendant was guilty of negligence in the manner of controlling or not controlling his horse. It was not necessary to prove defendant's negligence by positive evidence; such negligence may be shown by proof of circumstances from which the jury is permitted to infer negligence on the part of defendant.

In *Barnes v. Chapin,* 4 Allen 444, 86 Mass. 444, the court said: "[The owner of domestic animals] is liable for their trespasses when it was his duty to confine them and he has neglected to do so. In *Leame v. Bray,* 3 East, 595, Lord Ellenborough says: 'If I put in motion a dangerous thing, as if I let loose a dangerous animal, and leave to hazard what may happen, and mischief ensue to any person, I am answerable in trespass.' ......

"As to the defendant, it appears that he was in fault in permitting his mare to go at large on the highway without a keeper. Highways are dedicated to the use of travelers."

Judgment is reversed, with a procedendo.