**Lefebvre v. Bielak**

*Douglas A. Olcott, Katelyn Harrington* and *Dallas W. Hartman*, for plaintiffs

*William J. Kelly, Jr.*, for defendant Frank Bielak

*Daniel J. Sammel* and *Stephen J. Summers*, for additional defendant Willaim D. Lefebvre

COX, *J.*, June 3, 2013—Before the court for disposition is the motion for summary judgment filed on behalf of the additional defendant William D. Lefebvre, which argues that the additional defendant is entitled to summary judgment because the defendant Frank Bielak is strictly liable for damages caused by his livestock.

On April 11, 2010, at approximately 8:50 p.m., the plaintiff Janice Lefebvre was a passenger in a vehicle driven by the additional defendant. They were traveling south on State Route 168 in Hickory Township, Lawrence County, Pennsylvania, when a cow owned by the defendant walked onto the roadway. The vehicle struck the cow causing injuries to the plaintiff and damage to the additional defendant's vehicle. The plaintiff and additional defendant filed suit against the defendant. The plaintiff asserted a claim of negligence against the defendant while the additional defendant averred claims for loss of consortium and for property damage.

In response, the defendant filed an answer, new matter and cross-claim to the plaintiffs' complaint, in which he alleged that the additional defendant's negligence was the proximate cause of the injuries and damages to the plaintiff as the additional defendant failed to travel at a safe speed, violated the assured clear distance ahead doctrine and

failed to maintain adequate control of his vehicle to avoid a collision with objects in his path. The defendant also asserts, in the alternative, that the additional defendant is jointly and severally liable for his own damages and the plaintiff's injuries. The additional defendant filed a reply to new matter and cross-claim, in which he denied that he was negligent in causing the accident. Now, the additional defendant has filed a motion for summary judgment, which contends that the additional defendant is entitled to summary judgment because the defendant is strictly liable for damages caused by his livestock.

The purpose of the summary judgment rule is to eliminate cases prior to trial where a party cannot make out a claim or defense after the relevant discovery has been completed. *Miller v. Sacred Heart Hospital*, 753 A.2d 829 (Pa. Super. 2000). The mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for a trial. The summary judgment rule exists to dispense with a trial of a case or, in some matters, issues in a case, where a party lacks the beginnings of evidence to establish or contest a material issue. *Ertel v. Patriot-News Company*, 544 Pa. 93, 674 A.2d 1038 (1996), reargument denied, (1996), certiorari denied, 519 U.S. 1008 (1996).

Any party may move for summary judgment in whole or in part as a matter of law whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report or if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who

will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Pa.R.C.P. No. 1035.2. However, summary judgment is only appropriate when discovery relevant to the motion has been completed. *Id.* Summary judgment may be granted only in cases where it is clear and free from doubt that there is no genuine issue as to any material fact and that the moving party is entitled to a summary judgment as a matter of law. *Kafando v. Erie Ceramic Arts Co.*, 764 A.2d 59, 61 (Pa. Super. 2000) (citing *Rush v. Philadelphia Newspaper, Inc.*, 732 A.2d 648, 650-651 (Pa. Super. 1999)).

The moving party bears the burden of proving the non-existence of any genuine issue of material fact. *Kafando, supra.* A material fact, for summary judgment purposes, is one that directly affects the outcome of the case. *Gerrow v. Shincor Silicones, Inc.*, 756 A.2d 697 (Pa. Super. 2000); *Kuney v. Benjamin Franklin Clinic*, 751 A.2d 662 (Pa. Super. 2000). The non-moving party must adduce sufficient evidence on issues essential to his case on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Ertel, supra.* The non-moving party must demonstrate that there is a genuine issue for trial and may not rest on averments in its pleadings. *DeSantis v. Frick Company*, 745 A.2d 624 (Pa. Super. 1999); *Merriweather v. Philadelphia Newspaper, Inc.*, 453 Pa. Super. 464, 469-472, 684 A.2d 137, 140 (1996).

When determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hughes v. Seven Springs Farm, Inc.*, 563 Pa. 501, 752 A.2d 339 (2000); *Dean v. Commonwealth Department of Transportation*, 561 Pa. 503, 751 A.2d 1130 (2000). Summary judgment is proper only when the uncontroverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. *P.J.S. v. Pennsylvania State Ethics Comm'n*, 555 Pa. 149, 153, 723 A.2d 174, 175 (1999); *Basile v. H&R Block*, 761 A.2d 1115 (Pa. Super. 20001); *Kuney v. Benjamin Franklin Clinic*, 751 A.2d 662 (Pa. Super. 2000); *Stevens Painton Corporation v. First State Insurance Company*, 746 A.2d 649 (Pa. Super. 2000).

Only when the facts are so clear that reasonable minds cannot differ, a trial court may properly enter summary judgment. *Basile, supra.* If there are no genuine issues of material fact in dispute or if the non-moving party has failed to state a prima facie case, summary judgment may be granted. *Dudley v. USX Corporation*, 414 Pa. Super. 160, 606 A.2d 916 (1992). Thus, a proper grant of summary judgment depends upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a prima facie cause of action or defense. *Rauch v. Mike-Mayer*, 783 A.2d 815 (Pa. Super. 2001). The trial court

must confine its inquiry when confronted with a motion for summary judgment to questions of whether material factual disputes exist. *Township of Bensalem v. Moore*, 152 Pa. Cmwlth. 540, 620 A.2d 76 (1993). It is not the function of the court ruling on a motion for summary judgment to weigh evidence and to determine the truth of the matter. *Keenheel v. Pennsylvania Securities Commission*, 143 Pa. Cmwlth. 494, 579 A.2d 1358 (1990).

The additional defendant cites to the Fence Law, 29 P.S. §41, as an indication that Pennsylvania law imposes strict liability upon agricultural landowners to construct a fence to ensure that livestock remains enclosed upon the landowner's property. However, there is nothing in that statute which imposes strict liability upon landowners for damage caused by livestock that was not properly enclosed by a fence. 29 P.S. §41 merely requires that agricultural properties be enclosed by a fence. If that property is not properly enclosed by a fence, an adjacent landowner may have the county surveyor, the county surveyor of any adjoining county or the court of common pleas appoint a surveyor to examine the property or existing fence. If the fence is inadequate, the property owner has 40 days to erect a new fence or make the proper repairs to the existing fence. 29 P.S. §41. The language of that statute does not address strict liability for damages caused by livestock that wander from the landowner's property, it merely provides a remedy for adjacent landowners to demand that a proper fence be constructed. 29 P.S. §41.

Now, the court must examine whether the case law imposes strict liability upon an owner of livestock for damages caused by their livestock for a motor vehicle

accident. The additional defendant cites to *Fogle v. Malvern Court, Inc., et al.*, 554 Pa. 633, 722 A.2d 680 (1999) and *Tassoni v. LeBoutillier*, 130 Pa. Super. 303, 196 A. 534 (1937), in support of his argument that the defendant is strictly liable for the motor vehicle accident caused by his cow standing on the roadway. In *Fogle*, the court recognized that the purpose of the Fence Law was to provide for the containment of livestock that might damage neighboring properties. *Fogle*, 554 Pa. at 637, 722 A.2d at 682. The court also acknowledged that the common law imposed a rule of strict liability for damages caused by animals if they trespass onto another's land. *Id.*, 554 Pa. at 637, 722 A.2d at 682-683. However, that case did not address the applicability of strict liability for injuries caused in a motor vehicle accident as the central issue before that court was whether adjoining landowners were required to share the expenses of constructing a fence pursuant to 29 P.S. §41. *Id.*, 554 Pa. at 640, 722 A.2d at 684.

In *Tassoni*, the plaintiff filed suit seeking to recover for damages caused to his automobile after it collided with the defendant's horse. The trial judge granted the defendant's motion for a compulsory nonsuit and the plaintiff appealed to the Superior Court of Pennsylvania. The court examined the facts of the case in a light most favorable to the plaintiff, which revealed that the horse, that was left unattended, ran approximately one-half mile from the defendant's property onto the street and was struck by the plaintiff's vehicle. The plaintiff issued a statement claiming that he was operating his vehicle properly when the horse dashed onto the road without

warning. The *Tassoni* court indicated that the plaintiff was required to present evidence from which negligence could be inferred. *Tassoni*, 130 Pa. Super. at 305, 196 A. at 536 (citing *Rennie v. Schepps et al.*, 297 Pa. 39, 41, 146 A. 261, 262 (1929)). "Defendant would not be 'responsible for injuries caused by his [horse] unless he himself was guilty of negligence in his manner of controlling or not controlling that property.'" *Id.* (citing *Andrews v. Smith et ux.*, 324 Pa. 455, 458, 188 A. 146, 148 (1936)). The court also explained that an owner of an animal is supposed to have knowledge of the likelihood it will stray and the owner is required to exercise ordinary care to keep it from straying. *Id.*, 130 Pa. Super. at 307, 196 A. at 536. If the owner fails to do so, he or she will be held liable for any injuries that occur. *Id.* Hence, the *Tassoni* Court overturned the decision of the trial court and held that the plaintiff presented sufficient evidence to create an issue of fact regarding the defendant's failure to exercise ordinary care in preventing his horse from running astray. *Id.*

The court could not locate any case law indicating that strict liability should be imposed upon the owner of livestock for injuries arising from a collision between a vehicle and that livestock. The case law indicates that strict liability is to be enforced upon an owner of livestock when that livestock trespasses upon and causes damage to property owned by another person. However, the *Tassoni* court clearly stated a plaintiff must demonstrate that the owner of livestock failed to exercise due care in preventing his or her livestock from straying from his or her property. Only when the owner of livestock fails to exercise due care will the courts impose liability upon the

owner for injuries arising from a motor vehicle collision with livestock standing on a roadway. In the current matter, the additional defendant is now arguing that strict liability should be imposed upon the defendant, who owned the cow that was struck by the additional defendant's vehicle; thus, relieving the additional defendant of any possible liability for the injuries suffered by the plaintiff. It is apparent that there is no existing case law to support that argument. As a result, there are issues of fact remaining as to whether the defendant was negligent in failing to confine his cow and whether the additional defendant negligently operated his vehicle causing the collision with the cow. Therefore, the defendant is not strictly liable for the damages incurred during the collision between the additional defendant's vehicle and the defendant's cow.

For the reasons set forth in this opinion, the additional defendant's motion for summary judgment is denied.

## ORDER OF COURT

Now this 3rd day of June, 2013, this case being before the court on April 29, 2013, for oral argument on the motion for summary judgment filed by the cross-claim defendant with all parties appearing through their counsel, the plaintiffs Janice LeFebvre and William D. LeFebvre, her husband, represented through counsel, Katelyn Harrington, Esquire, the defendant Frank Bielak, represented through counsel, William J. Kelly, Jr., Esquire and the additional defendant William D. LeFebvre, represented through counsel, Daniel J. Sammel, Esquire and after consideration of the arguments and briefs presented and submitted by counsel and a complete and

thorough review of the applicable record, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:

1. In accordance with the attached opinion, the motion for summary judgment filed by the additional defendant/cross-claim defendant is hereby denied.

2. The prothonotary is directed to serve a copy of this order of court upon counsel of record.